NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| GUILLERMO BUSTILLO, | : | Civil Action No. 18-13367 (JMV) |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| v. | : | **MEMORANDUM ORDER** |
|  | : |  |
| ERIN NARDELLI, *et al.*, | : |  |
|  | : |  |
| Respondents. | : |  |

1.      On or about October 16, 2018, Petitioner Guillermo Bustillo filed an amended petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his state court convictions for second-degree sexual assault and third-degree child endangerment.  (*See* Oct. 16, 2018 Am. Pet. at ECF No. 3-1 (hereinafter, the "§ 2254 Petition").)

2.      The Court already conducted its preliminary review of the § 2254 Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  (*See* Oct. 30, 2018 Memo. Order, ECF No. 4.)  The Court also previously informed Petitioner that "all of the claims raised in [his] § 2254 Petition [appear to be] both unexhausted and untimely."  (*Id.* at PageID: 67.)

3.      With respect to the unexhausted nature of Petitioner's habeas claims, the Court again reiterates that habeas relief may not be granted unless a petitioner has "exhausted the remedies available in the courts of the State," there is an absence of process in the state courts, or there are circumstances which render the state process ineffective.  28 U.S.C. § 2254(b)(1); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must exhaust his available state remedies before seeking federal habeas relief); *Newton v. Phelps*, 943 F. Supp. 2d 494, 499 (D. Del. 2013) ("one prerequisite to federal habeas review is that a petitioner must exhaust all remedies

available in the state courts.") (citing 28 U.S.C. § 2254(b)(1)).  A petitioner generally satisfies this exhaustion requirement when he has presented his claims to the highest state court.  *See Picard v. Connor*, 404 U.S. 270, 275 (1971).  Conversely, "[w]here any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies."  *Tinsley v. Johnson*, No. 10-3365, 2011 WL 5869605, at *3 (D.N.J. Nov. 22, 2011); *accord* 28 U.S.C. § 2254(c).

4.      In his current habeas petition, Petitioner indicates that he never filed a direct appeal in New Jersey state court challenging his conviction and sentence.  (ECF No. 3-1 at PageID: 40-43.)  Petitioner likewise acknowledges that he never sought to avail himself of New Jersey's separate post-conviction relief procedures, *i.e.*, the State's procedural mechanism to collaterally attack a criminal conviction based on errors of a constitutional magnitude.  (*Id.*)  As such, Petitioner's § 2254 Petition, on its face, unequivocally suggests that all of Petitioner's habeas claims remain unexhausted.  *Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015) (a New Jersey state prisoner's habeas claims are not properly exhausted until he has presented all such claims "to the Superior Court of New Jersey, Law and Appellate Divisions, and to the New Jersey Supreme Court."); *accord Tinsley*, 2011 WL 5869605, at *3; 28 U.S.C. § 2254(c).

5.      On October 30, 2018, the Court "in the interest of fairness," nonetheless provided Petitioner the opportunity to "show cause via the submission of a written response . . . within forty-five (45) days . . . explaining why his § 2254 Petition should not be dismissed [for being, among other things, unexhausted.]"  (ECF No. 4 at PageID: 67.)  At that time, the Court made clear "that Petitioner's failure to address the exhaustion concerns raised by the Court in that written response [would] result in the dismissal of his § 2254 Petition without prejudice."  (*Id.*)  Petitioner's deadline

to respond to the Court's October 30th Memorandum Order has now expired and Petitioner has not filed any written response to the same.

6. In light of the foregoing, the Court has no basis to presently conclude that Petitioner has fairly presented any of his habeas claims to the New Jersey Supreme Court; instead, the record before the Court unequivocally suggests that none of Petitioner's current habeas claims have ever been presented to or otherwise addressed by New Jersey's highest court. Thus, it wholly appears that all claims raised in Petitioner's current § 2254 Petition remain unexhausted for purposes of federal habeas review. *Pombrio v. Hense*, 631 F. Supp. 2d 1247, 1253 (C.D. Cal. 2009).

7. Accordingly, at this time, the Court will dismiss Petitioner's § 2254 Petition, without prejudice, as fully unexhausted, *i.e.*, all of the claims advanced in that pleading remain unexhausted for federal habeas purposes. *Mathis v. Attorney Gen. of New Jersey*, 732 F. App'x 138, 141-42 (3d Cir. 2018); *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014). If Petitioner does properly exhaust his claims in the future, he may, at that time, file a new habeas petition in this Court.[1]

8. A petitioner seeking relief under 28 U.S.C. § 2254 may not appeal from a final habeas order unless he has "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c). "A petitioner satisfies this standard by demonstrating that jurists of

---

[1] The Court makes no findings on whether this action is timely or not, or whether any subsequent federal petition filed by Petitioner will be timely or time-barred. That said, any subsequent federal habeas petition which Petitioner may file will be a new and separate petition which may *not* relate back to the filing date of the current petition. *Pombrio*, 631 F. Supp. 2d at 1253 n.2. The Court emphasizes that Petitioner's § 2254 Petition remains fully unexhausted and that Petitioner has not sought to avail himself of the stay-and-abeyance procedure detailed in *Rhines v. Weber*, 544 U.S. 269 (2005). The Court is likewise unable to independently find that Petitioner has otherwise "satisfied the three requirements for a stay as laid out in *Rhines*: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." *Heleva v. Brooks*, 581 F.3d 187, 192 (3d Cir. 2009) (citing *Rhines*, 544 U.S. at 278).

reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner has failed to satisfy the foregoing standard, and the Court shall accordingly deny him a certificate of appealability. Therefore,

**IT IS** on this 4th day of January, 2019,

**ORDERED** that the Petitioner's § 2254 Petition (ECF No. 3-1) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that no certificate of appealability shall issue, 28 U.S.C. § 2253(c)(2); and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum Order upon Petitioner by regular U.S. mail.

s/ John Michael Vazquez
HON. JOHN MICHAEL VAZQUEZ
United States District Judge
